**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **HUMBERTO ESTRADA** | ) |
|     2627 Solomons Island Rd. | ) |
|     Edgewater, MD 21037 | ) |
| | ) |
| **MICHAEL BOOKER** | ) |
|     5705 Plainfield Ave. | ) |
|     Baltimore, MD 21206 | ) |
| | ) |
| **PAUL D. CONLEY JR.** | ) |
|     1181 Delmont Rd. | ) |
|     Severn, MD 21144 | ) |
| | ) |
| **KEVIN QUINN** | ) |
|     8344 Lindor Court, Apt. 3A | ) |
|     Jessup, MD 20794 | ) |
| | ) |
| vs. | ) |
| | ) |
| **ECOLOGY SERVICES REFUSE** | ) |
| **& RECYCLING, LLC** | ) |
|     Serve: Margaret Fazi | ) |
|     9135 Guilford Road, Suite 200 | ) |
|     Columbia, MD 21046 | ) |
| | ) |
| **CORDOBA ENTERPRISES, LLC** | ) |
|     Serve: Margaret Fazi | ) |
|     9135 Guilford Road, Suite 200 | ) |
|     Columbia, MD 21046 | ) |
| | ) |
| **PETER OSBORNE** | ) |
|     9135 Guilford Road, Suite 200 | ) |
|     Columbia, MD 21046 | ) |
| | ) |
| **TIMOTHY OSBORNE** | ) |
|     9135 Guilford Road, Suite 200 | ) |
|     Columbia, MD 21046 | ) |
| | ) |
|         Defendants. | ) |
| | ) |

# COLLECTIVE ACTION COMPLAINT

Plaintiffs Humberto Estrada ("Estrada"), Michael Booker ("Booker"), Paul Conley ("Conley"), and Kevin Quinn ("Quinn") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, based on their personal knowledge and upon information and belief, and by and through their undersigned counsel, Deyka Williams Spencer, and The Spencer Firm, LLC, hereby bring suit against Ecology Services Refuse & Recycling, LLC ("Ecology"), Cordoba Enterprises, LLC ("Cordoba"), Peter Osborne ("P. Osborne"), and Timothy Osborne ("T. Osborne") (collectively "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et. seq.* (FLSA); the Maryland Wage and Hour Law, §§ 3-401 *et seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law §§ 3-501 *et seq.* ("MWPCL")

## PARTIES AND JURISDICTION

1. The Plaintiffs are all adults and over twenty-one years of age.

2. As named Plaintiffs, they affirm their consent to participate as plaintiffs in a Collective Action under the FLSA.

3. Plaintiffs Estrada and Conley are residents of Anne Arundel County, Maryland, Plaintiff Booker is a resident of Baltimore City County, Maryland, and Plaintiff Quinn is a resident of Howard County, Maryland.

4. At all relevant times, Plaintiffs were employees of Defendants, as defined by the FLSA and Maryland law, who Defendants suffered or permitted to work without paying Plaintiffs overtime, in violation of Federal law and Maryland law.

5. Defendant Ecology, upon information and belief, is a local business registered in the State of Maryland with its principal place of business in Maryland.

6. Defendant Ecology is a company that provides waste collection and waste management services throughout Maryland.

7. Defendant Cordoba, upon information and belief, is a local business registered in Maryland with its principal place of business in Maryland.

8. At all relevant times, Defendants, each and collectively, were an "employer", "joint employer", or "integrated enterprise employer" of each Plaintiff, as defined by the FLSA and Maryland law.

9. Upon information and belief, Defendants Ecology and Cordoba are owned and managed by Defendants P. Osborne and T. Osborne.

10. At all relevant times to this Complaint, Defendants P. Osborne and T. Osborne acted directly and/or indirectly in the interest of Defendants Ecology and Cordoba in relation to Plaintiffs.

11. Upon information and belief, Defendants controlled the hours that Plaintiffs worked, the manner in which they were paid, and the conditions of their employment.

12. At all relevant times, Defendants controlled the hours that Plaintiffs worked, the manner in which they were paid, and the conditions of their employment.

13. At all relevant times, Defendants had the power to hire, fire, suspend, and otherwise, discipline Plaintiffs.

14. Defendants are employers of the Plaintiffs within the meaning of the FLSA and Maryland law.

15. At all relevant times, Defendants Ecology and Cordoba each qualified as an "enterprise" within the meaning of the FLSA – 29 U.S.C. § 203(s).

16. At all relevant times, Defendants Ecology and Cordoba had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which is separately stated).

17. At all relevant times to the present case, Defendants regularly carried on business in the state of Maryland.

**FACTS**

18. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

19. Plaintiffs and other similarly situated individuals are or were employed by Defendants as waste collectors and waste collector drivers.

20. Upon information and belief, the dates of employment for the named Plaintiffs are as follows:

    (a) Humberto Estrada: 2008 – January 2017

    (b) Michael Booker: August 2013 – January 2017

    (c) Paul Conley: August 2015 – October 2016

    (d) Kevin Quinn: December 2015 – October 2016

21. Throughout the relevant time period, and upon information and belief, Plaintiffs were compensated at an hourly rate and paid on a weekly basis.

22. Upon information and belief, Plaintiffs were compensated at the following rates of pay:

(a) Humberto Estrada: $20 per hour during 2013 and 2014; $25 per hour from January through July 2015; and $27.50 per hour from August until his termination in January of 2017;

(b) Michael Booker: $23.75 per hour throughout his employment;

(c) Paul Conley: $26.25 per hour throughout his employment; and

(d) Kevin Quinn: $20.00 per hour throughout his employment

23. Upon information and belief, Plaintiffs regularly worked well over forty (40) hours within a workweek.

24. Upon information and belief, the overtime hours Plaintiffs worked and accrued for Defendants ranged from 10 to 28 hours of overtime within a one week pay period.

25. Upon information and belief, the average amount of overtime hours accrued by each Plaintiff per week are as follows:

(a) Humberto Estrada: 24.6 hours

(b) Michael Booker: 17.5 hours

(c) Rebekah Chandler: 20 hours

(d) Paul Conley: 11 hours

(e) Kevin Quinn: 20 hours

26. At all relevant times, Defendants assigned Plaintiffs to non-exempt duties and failed to pay them overtime at a rate of time-and-a-half.

27. Throughout the Plaintiffs' employment, Defendants failed to pay Plaintiffs their earned overtime wages throughout the week.

28. Defendants compensated Plaintiffs for overtime hours worked and accrued on Saturdays, however, those overtime hours were compensated at the Plaintiffs' straight hourly rates rather than the overtime premium rate of "time-and-a-half" which the Plaintiffs were entitled to receive.

29. Defendants paid Plaintiffs a "bonus" amounting to eight (8) hours of work when Plaintiffs worked on Saturdays.

30. Defendants failed to compensate Plaintiffs for any additional overtime hours worked outside of the eight (8) hours worked on Saturdays.

31. At all relevant times, Defendants had knowledge that Plaintiffs regularly and typically worked in excess of forty (40) hours per workweek and suffered or permitted Plaintiffs to work such hours.

32. Defendants' failure and refusal to comply with the applicable federal laws and Maryland Law was willful, intentional, and not in good faith.

33. Defendants' failure to pay Plaintiffs their overtime pay was not the result of any *bona fide* dispute.

34. Pursuant to the FLSA, Plaintiffs are entitled to overtime claims at the very least dating back three years. Therefore, Plaintiffs are entitled to unpaid overtime wages dating three years back from the date of the filing of this complaint through the present unless some were not notified of their right to overtime hours.

35. Maryland law requires all employers to maintain compensation and time records for all employees. Accordingly, a precise calculation of Plaintiff's lawful damages from unpaid overtime is not fully possible without a comprehensive review of the payroll and time records

maintained by the Defendants. Plaintiffs reserve the right to determine and adjust their claim in a manner consisted with fundamental fairness to the Defendants and with the Rules of Court.

36. Absent a full and formal discovery, Plaintiffs are unable to determine the full damages they are owed. Based on the records available to Plaintiffs at this time, Plaintiffs estimate Defendants owe the following in overtime wages:

(a) Humberto Estrada: $128,005.00

(b) Michael Booker: $95,653.13

(c) Paul Conley: $25,987.50

(d) Kevin Quinn: $15,840.00

37. Absent discovery, Plaintiffs estimate Defendants owe Plaintiffs $265,485.63 not including liquidated damages and attorney's fees.

38. Plaintiffs raised complaints about Defendants failure to compensate their overtime hours properly, but Defendants ignored Plaintiffs' complaints.

39. Maryland law allows for liquidated damages as a remedy to an employee(s) whose wages have been wrongfully denied by their employer.

40. Defendants did not inform Plaintiffs of their rights under the FLSA and Maryland law. There were no displays of the FLSA or Maryland employment laws visible to Plaintiffs at their workplace.

41. Plaintiffs are and were non-exempt workers under the FLSA and Maryland law.

42. Defendants' failure and refusal to pay Plaintiffs for the hours they worked over forty in a workweek was willful, intentional, and not in good faith.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

44. Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who performed waste collection and waste management services on behalf of Defendants.

45. As a separate class, Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who performed waste collection and waste management services for clients on behalf of Defendants.

46. Questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

47. The main allegation of this case is that Defendants engaged in common and intentional violations of the Federal and Maryland wage laws by way of overtime wage violations and unpaid wage violations.

48. During relevant periods and most likely prior to and beyond, Defendants paid Plaintiffs and other similarly situated individuals at an hourly rate and failed to properly pay overtime for hours worked in excess of 40 per workweek.

49. During relevant periods and most likely prior to and beyond, Defendants failed to compensate Plaintiffs and other similarly situated individuals for overtime hours worked at the overtime premium rate of time-and-a-half.

50. Defendants commonly and systematically engaged in wage theft by not properly compensating Plaintiffs for their overtime hours worked. Defendants paid Plaintiffs and other similarly situated individuals only up to forty (40) hours worked during the week and eight (8)

hours when working on the weekend as straight-time, but failed to pay for any additional overtime hours accrued throughout the week.

51. Any overtime hours which Defendants paid, were paid at straight time rather than time-and-a-half.

52. Plaintiffs and similarly situated individuals all received compensation from Defendants in violation of the Federal wage laws by way of unpaid wages for hours worked and by not being paid time-and-a-half their regular hourly rate for hours worked in excess of forty (40) in a workweek.

53. Plaintiffs and similarly situated individuals were not paid overtime at the overtime premium of time-and-a-half their regular hourly pay rate for hours worked in excess of (40) per workweek.

54. Plaintiffs and each class member are seeking to be paid the wages and overtime wages that they were never paid; the difference between hours paid and hours owed when applicable, and any other owed amount earned by Plaintiffs for performing their duties during the workweek.

55. In this particular case, the class members may exceed fifteen (15) current and former employees.

56. All class members are believed to be readily identifiable from information and records in the control and possession of the Defendants.

**COUNT ONE**
**FAILURE TO PAY OVERTIME**
**(Violation of FLSA  29 U.S.C. §§ 201 *et. seq.*)**

57. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

58. Defendants failed to pay wages and overtime owed to the Plaintiff, in violation of the FLSA, 29 U.S.C. §201, *et. seq.*

59. Defendants' failure to pay Plaintiffs' wages and overtime, as required by the FLSA, was willful, intentional and not in good faith. Defendants either knew or showed a reckless disregard for whether their conduct was prohibited by statute.

60. Defendants' failure to comply with the FLSA overtime protections caused Plaintiffs to suffer a loss of wages and interest therein.

## COUNT TWO
## FAILURE TO PAY OVERTIME WAGES
## (MWHL – Md. Code Lab. & Empl. §§ 3-401 *et seq*.)

61. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

62. At all relevant times to this Complaint, Defendants violated the overtime provisions of the MWHL, Md. Code Ann., Labor and Empl. §§ 3-401, *et seq.*, by failing to pay Plaintiffs their full and earned overtime wages at time and a half their regular rate of pay for each hour over forty (40) that they worked in a particular workweek.

63. Defendants failed to pay Plaintiffs all wages due during a relevant pay period.

64. Defendants' failure to comply with the Maryland wage and hour protections caused Plaintiffs to suffer a loss of wages and interests therein.

65. Defendants' failure and refusal to pay these wages due to Plaintiffs was willful, deliberate and intentional and was not the result of any *bona fide* dispute.

# COUNT THREE
## FAILURE TO PAY WAGES
### (MWPCL – Md. Code Lab. & Empl. §§ 3-501 *et seq.*)

66. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

67. Defendants failed to pay Plaintiffs all the wages they were due each pay period in violation of the MWPCL, Md. Code Ann., Labor & Empl. §§ 3-501 *et seq.*

68. Defendants failed to pay Plaintiffs all wages due during a relevant pay period.

69. Defendants' failure to comply with the Maryland wage and hour protections caused Plaintiffs to suffer a loss of wages and interests thereon.

70. Defendants' failure and refusal to pay these wages due to Plaintiffs was willful, deliberate and intentional and was not the result of any *bona fide* dispute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that Judgment be entered against all Defendants jointly and severally; that Defendants be enjoined to comply with all applicable federal wage laws:

a. For the amount of the unpaid overtime compensation due to Plaintiffs for relevant time periods;

b. For the amount of the unpaid wages due to Plaintiffs during relevant periods.

c. For an additional amount of liquidated damages equal to the unpaid wages and overtime compensation described in the preceding subsection, as authorized by the FLSA;

d. For the additional amount equal to treble damages (three times the amount owed) as authorized by the MWPCL. Md. Labor and Employment Code Ann. § 3-507.1(b).

e. For Plaintiff's reasonable attorney's fees, expenses, and costs incurred in this action, as authorized by 29 U.S.C. §216(b) and Md. Labor and Employment Code Ann. § 3-507.1(b); and

f. For such other further relief as this Court may deem appropriate.

Respectfully submitted,

_____/s/_____
Deyka Williams Spencer
The Spencer Firm, LLC.
Bar Number: 979180
2275 Research Blvd., Suite 500
Rockville, MD 20850
Phone: (301) 637-2866
Fax: (866) 686-2126
dspencer@spencer-firm.com

*Attorney for Plaintiffs*

Filed: February 17, 2017