IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HUMBERTO ESTRADA, ET AL. ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | Case No: 1:17-cv-00496-GLR |
| v. ) | |
| ) | |
| ECOLOGY SERVICES REFUSE & ) | |
| RECYCLING, LLC, EL AL. ) | |
| ) | |
|       Defendants. ) | |

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiffs Humberto Estrada, Michael Booker, and Kevin Quinn ("Plaintiffs") and Defendants Ecology Services Refuse and Recycling, LLC, Cordoba Enterprises, LLC, Peter Osborne, and Timothy Osborne ("Defendants"), by and through their undersigned counsel, hereby file this Joint Motion to Approve Settlement and in support thereof state as follows:

1. On February 17, 2017, Plaintiffs filed their Complaint in this matter asserting claims for violation of the Fair Labor Standards Act, the Maryland Wage Hour Law, and the Maryland Wage Payment and Collection Law. Plaintiffs allege that they were employed by the Defendants in non-exempt positions and that they were suffered and permitted to work more than 40 hours per week for Defendants. Plaintiffs further allege that they were not paid an overtime premium as required by the law. Defendants dispute the contentions that Plaintiffs were non-exempt, that Plaintiffs were not paid consistent with the applicable law, and that Defendants were "joint employers" as that term is defined by the applicable law.

2. The Parties have concluded that an amicable resolution of this lawsuit is in their respective interests due to the risks and expenses associated with the forthcoming trial. Plaintiffs desire to settle, discharge, and forever terminate all claims and potential claims against Defendants

1

in exchange for accepting a total payment of $45,000.00, with $28,000.00 to be paid to Plaintiffs and $17,000.00 in attorney fees and costs to be paid to Plaintiffs' counsel. The settlement is contained in the Settlement Agreement and Release of All Claims ("Settlement Agreement") that was negotiated and executed by the Parties. A copy of the executed Settlement Agreement is attached hereto as Exhibit 1.

3. Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014) (noting that the Court looks at the settlement as a "reasonable compromise of disputed issues.") "Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, 'district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*.'" *Id.* at 407-08 (citation omitted). "The settlement must 'reflect [ ] a fair and reasonable resolution of a bona fide dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Id.* at 408. "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id*. (citation omitted).

4. There is a bona fide dispute here. "In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id*. The Parties are in disagreement over a number of key issues – the amount of hours Plaintiffs worked, whether Plaintiffs were paid properly, whether Plaintiffs satisfy the motor carrier exemption, and whether Defendants are joint employers with one another. Additionally, Defendants dispute that any FLSA

or state law violation was willful.  These disputes are plainly evident from the history of litigating this case, specifically including the exchange of discovery and motions practice.

5. Not only is there a bona fide dispute, the parties' settlement of $45,000.00, which includes claimed damages, liquidated damages, treble damages, costs, and attorney's fees, is fair and reasonable.  In determining whether a settlement is fair and reasonable for purposes of approving claims under the FLSA, courts evaluate many factors, including "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo,* 2009 WL 3094955, at *10).

6. Here, the Parties have thoroughly litigated this case, completing written discovery, conducting deposition, pursuing dispositive motions, and engaging in motions practice related to the potential formation of a class and the potential addition of additional plaintiffs.  The Parties expect that if the litigation were to continue and trial were to begin on schedule, both sides would incur additional expenditures at substantial risk and still face the prospect of a lengthy appeal process.  By avoiding additional extensive litigation, resources that otherwise would have been consumed by the litigation were made available for settlement, thereby reducing the risk and uncertainties of the outcome of litigation for both parties.

7. With respect to the portions of the settlement to be paid to Plaintiffs, these payments represent only a modest discount from the actual damages and liquidated damages claimed by Plaintiffs.  Since Defendants raised significant issues with respect to Plaintiffs' claims of overtime

hours worked and improper payment, as well as the uncertain nature of litigation including liability issues, Plaintiffs decided to accept the aforementioned amount.

8. Additionally, Plaintiffs are represented by experienced counsel and settled this case aware of the risks and benefits of settlement. This settlement enables all parties to avoid the unnecessary accumulation of additional litigation costs and attorney's fees. The settlement is the product of good-faith bargaining between the parties, with advice of legal counsel. Given the uncertainty of the availability of both liquidated and exemplary damages, this amount represents a fair and reasonable settlement.

9. Finally, the amount allocated for attorneys' fees and expenses is fair and reasonable. Plaintiffs' counsel has extensive experience in FLSA and minimum wage/overtime matters and has prepared this case for trial, the market value of which well exceeds the agreed upon fees and costs. Accordingly, the agreed upon amount of $17,000.00 represents a fee that is discounted and is a fair and reasonable fee based on the pleadings and settlement negotiations that occurred in this case.

10. The settlement reached by the Parties is fair and reasonable as the Parties resolved this matter in an arms-length agreement after hotly contested litigation. Presenting evidence at trial would have consumed tremendous amounts of time and resources and demanded substantial judicial resources. This trial would have been costly for all Parties and would have further deferred closure. Any judgment would likely have been appealed, thereby extending the duration of the litigation and exposing the parties to unnecessary risk. This settlement, on the other hand, will enable the parties to avoid anticipated risks, burdens and expenses in establishing their respective claims and defenses. Therefore, all Parties agree that the settlement is fair and reasonable and should be approved by the Court.

WHEREFORE, Plaintiffs Humberto Estrada, Michael Booker, and Kevin Quinn and Defendants Ecology Services Refuse and Recycling, LLC, Cordoba Enterprises, LLC, Peter Osborne, and Timothy Osborne, respectfully request that this Court enter an order approving the settlement reached by the Parties in this matter, dismissing this matter with prejudice, and for any additional relief as justice requires.

Dated: January 30, 2019

Respectfully Submitted,

/s/
Deyka Williams Spencer (Bar No. 29585)
The Spencer Firm, LLC.
2275 Research Blvd., Suite 500
Rockville, MD 20850
Phone: (301) 637-2866
Fax: (866) 686-2126
dspencer@spencer-firm.com
*Attorney for Plaintiffs*

/s/
Russell B. Berger (Bar No. 28512)
Offit Kurman, P.A.
300 E. Lombard Street, Suite 2010
Baltimore, Maryland 21202
Phone: (410) 209-6449
Fax: (410) 209-6435
E-Mail: rberger@offitkurman.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that on this 30th day of January 2019, a copy of the foregoing was served via electronic filing to all counsel of record.

/s/
Russell B. Berger