## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between HUMBERTO ESTRADA ("Estrada"), MICHAEL BOOKER ("Booker"), KEVIN QUINN ("Quinn" and together with Estrada and Booker, "Plaintiffs"), ECOLOGY SERVICES REFUSE AND RECYCLING, LLC ("Ecology"), CORDOBA ENTERPRISES, LLC ("Cordoba"), PETER OSBORNE ("Peter"), and TIMOTHY OSBORNE ("Timothy" and together with Ecology, Cordoba, and Peter, "Defendants"). Plaintiffs and Defendants are collectively referred to herein as the "Parties."

WHEREAS, Plaintiffs have filed a lawsuit against Defendants alleging unpaid wages in violation of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment Collection Law ("MWPCL") in the United States District Court for the District of Maryland (Case No. 1:17-cv-00496-GLR) (the "Claims"); and

WHEREAS, Defendants deny any and all liability to Plaintiffs in connection therewith; and

WHEREAS, the Parties wish to settle all claims and all differences between them fully and finally on an amicable basis and without there being a trial or adjudication of any issue of fact or law; and

WHEREAS, the Parties acknowledge and agree that the matters to be litigated involve disputed issues of fact and law, as well as the amounts due, if any; and

WHEREAS, Plaintiffs agree to accept the sum total of $45,000.00 (the "Settlement Amount") to settle all of their claims, including any and all claims for attorneys' fees, costs, expenses, liquidated damages, and/or equitable or legal relief; and

WHEREAS, the Settlement Amount includes payments to Plaintiffs for alleged back wages, liquidated damages, and attorneys' fees.

NOW, THEREFORE, in consideration of the prior recitals and the promises and acts stated below, the Parties agree as follows:

1.   Settlement Payments. In consideration for both Plaintiffs' execution of this Agreement and performance in accordance with its terms, within fourteen days of the Court's approval of this Agreement, Defendants agree to pay the total sum of Forty-Five Thousand Dollars ($45,000.00) (hereafter referred to as the "Settlement Amount") in full settlement of all damages, attorneys' fees, costs and interest sought or alleged by Plaintiffs. The proceeds of the Settlement Amount shall be distributed as follows:

> a. Estrada shall receive the total sum of $16,000.00. Of this amount, $5,333.33 will constitute payment of alleged unpaid wages and will be subject to form W-2 reporting and the remaining $10,666.67 will constitute payment of liquidated damages pursuant to the FLSA, MWHL, and MWPCL, will be reported as 1099

1

        Miscellaneous Income, and will not be subject to any deductions or withholdings.

    b. Booker shall receive the total sum of $10,000.00. Of this amount, $3,333.33 will constitute payment of alleged unpaid wages and will be subject to form W-2 reporting and the remaining $6,666.67 will constitute payment of liquidated damages pursuant to the FLSA, MWHL, and MWPCL, will be reported as 1099 Miscellaneous Income, and will not be subject to any deductions or withholdings.

    c. Quinn shall receive the total sum of $2,000.00. Of this amount, $666.67 will constitute payment of alleged unpaid wages and will be subject to form W-2 reporting and the remaining $1,333.33 will constitute payment of liquidated damages pursuant to the FLSA, MWHL, and MWPCL, will be reported as 1099 Miscellaneous Income, and will not be subject to any deductions or withholdings.

    d. Plaintiffs' counsel in this matter, The Spencer Firm, LLC, shall receive the total sum of $17,000.00, as settlement of Plaintiffs' claim for fees and costs related to the Claims.

Plaintiffs will be responsible for any and all tax consequences associated with their receipt of these monies. Plaintiffs further acknowledge that the amounts are disputed by Defendants and that but for the execution of this Agreement, the Settlement Amount would not be paid. Notwithstanding the foregoing, Plaintiffs acknowledge that by executing this Agreement, after consultation with legal counsel, they agree that they have been paid in full for all amounts each Plaintiff is legally entitled to receive as remuneration for the services rendered to Defendants during and in the course of their employment with Defendants, up to the date of this Agreement.

    2.    Limited Non-Disparagement. Plaintiffs will not in any manner disparage or denigrate Defendants, their business, their technology, their employment practices, or their management, to any third party or to encourage any other individual to engage in such acts. Plaintiffs agree that they will not directly or indirectly cause, assist, or encourage any other person to make any claim against Defendants, or any of its owners or officers, nor will they directly or indirectly assist, encourage, participate in or cause the filing of any complaint with any court or state or federal agency concerning Defendants or Releasee. This clause shall not apply to any response required of any Plaintiff as a result of issuance of any legal process or any otherwise required response to any governmental investigation.

    3.    Release of Claims and Covenant Not to Sue.

    (a)    For and in consideration of the undertakings assumed and promises made pursuant to this Agreement, each of Estrada, Booker, and Quinn, for himself, his representatives, heirs, assigns, and/or any other person or entity claiming by, through, or under him, hereby forever waives, releases, discharges, and covenants not to sue, completely, finally, and absolutely, Ecology Services Refuse and Recycling, LLC, Cordoba Enterprises, LLC, Peter Osborne, and Timothy

2

Osborne, as well as all of their direct and indirect corporate parents, subsidiaries, affiliates, divisions, and its and their respective officers, directors, owners, shareholders, founders, members, executors, administrators, beneficiaries, heirs, trustees, representatives, employees, assigns, agents, attorneys, consultants, and successors, to the extent they exist ("Releasees"), from any and all asserted and unasserted claims, controversies, actions, causes of action, demands, debts, liens, contracts, agreements, promises, representations, torts, rights, costs, damages, losses, obligations, judgments, or liabilities of any nature at law or in equity, past or present, whether or not now or heretofore known, suspected, or claimed, that they may have against the Releasees arising out of any facts or circumstances that occurred before the date on which each Plaintiff executes this Agreement. Notwithstanding the foregoing, nothing in the foregoing release shall prevent either Plaintiff from cooperating in any investigations or proceedings conducted by the National Labor Relations Board, Equal Employment Opportunity Commission, Department of Labor, or any similar agency tasked with investigating allegations of employment discrimination or other misconduct; however, Plaintiffs waive any rights they may have to recover money damages, other compensation, or other personal relief resulting from any such investigation or proceeding and, consistent herewith, are precluded from doing so.

### *ESTRADA, BOOKER, AND QUINN UNDERSTAND AND AGREE THAT THE FOREGOING RELEASE IS A GENERAL RELEASE OF ALL CLAIMS*

(b)     Plaintiffs agree to withdraw, with prejudice, all complaints, suits, actions, charges, claims and/or proceedings that they may have filed in any court, tribunal, or administrative agency whatsoever against the Releasees, including the Claims, and covenant not to file any complaints, suits, actions, charges, claims and/or proceedings against the Releases for the matters released herein. The Parties will take all steps necessary to give effect to this paragraph.

4.     Denial of Liability. Defendants deny liability for any claims made by Plaintiffs, and this Agreement does not constitute an admission of liability by Defendants but rather is entered solely for the purpose of settling disputed matters.

5.     Action for Breach. If any Party breaches any of their obligations under this Agreement, the non-breaching Party may bring a civil action to enforce the Agreement. Neither Party shall commence a civil action for an alleged breach of this Agreement without first notifying counsel for the other Party of the dispute and providing the allegedly breaching Party five (5) business days to cure the alleged breach. If any Party brings a civil action to enforce the Agreement, then the prevailing Party in such a civil action shall be entitled to its attorney's fees and costs.

6.     Amendment and Modification. This Agreement may be amended, modified, or supplemented only by written agreement of the Parties.

7.     Waiver of Compliance; Consents. Except as otherwise provided in this Agreement, any failure of any of the Parties to comply with any obligation, representation, warranty, covenant, agreement or condition herein may be waived by the Party entitled to the benefits thereof only by a written instrument signed by the Party granting such waiver, but such waiver or failure to insist

3

upon strict compliance with such obligation, representation, warranty, covenant, agreement or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent or other failure. Whenever this Agreement requires or permits consent by or on behalf of any Party hereto, such consent shall be given in writing in a manner consistent with the requirements for a waiver of compliance as set forth in this paragraph.

8. Authorization. Each Party expressly represents that the person executing this Agreement on his, her, or its behalf has full power and authority to enter into, execute and fully perform this Agreement on behalf of said Party, and Plaintiffs further represent that they have not assigned any of their rights with respect to the Claims to any person or entity.

9. Assignment. This Agreement shall be binding upon and inure to the benefit of each Party hereto as to their heirs, personal representatives, successors and permitted assigns; provided that neither this Agreement nor any of the rights, interests or obligations of Plaintiffs may be assigned without the prior written consent of Defendants.

10. Governing Law. This Agreement shall be governed by the laws of the State of Maryland as to all matters, including but not limited to matters of validity, construction, effect, performance and remedies. Any action for breach of this Agreement shall be resolved in the courts of the State of Maryland, and each Party hereby submits to, and waives any defenses to, such courts' exercise of personal jurisdiction over such Party. Insofar as this Agreement results from the joint drafting efforts of the Parties, there shall be no presumption against the drafter.

12. Severability. If any provision of this Agreement or the application thereof to any person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

13. Entire Agreement. This Agreement embodies the entire agreement and understanding of the Parties hereto in respect to the transactions contemplated by this Agreement. This Agreement supersedes all prior agreements and understandings between the Parties with respect to the transactions contemplated by this Agreement.

14. Counterparts and Execution. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. Facsimile or e-mailed copies shall be as valid as originals. Copies of this Agreement shall have the same force and effect as an original, and each of the Parties hereby expressly waives any rights to assert that such copies fail to comply with "the Best Evidence" Rule or any equivalent rule of law or evidence in any other jurisdiction.

15. Representation by Counsel; No Adverse Construction. The Parties acknowledge that they are represented by counsel of their choosing, have been fully advised of their rights, have read this Agreement and have had a full opportunity to review all of the terms of this Agreement with their counsel, and are entering into this Agreement of their own free will with a complete understanding of all terms set forth in this Agreement. The Parties and their respective counsel have reviewed this Agreement. Any usual rule(s) of construction requiring that ambiguities are to

4

be resolved against a particular Party, or in favor of a particular Party, shall not be applicable in the construction of this Agreement.

16. **Indemnification Issues and Medicare Warranty.** Each of the Plaintiffs affirms and warrants that he is not a Medicare beneficiary and is not currently receiving, has not received in the past and has not applied for or sought benefits from Medicare. Each Plaintiff agrees to indemnify and hold Defendants, their insurers and reinsurers, harmless from: (i) any claim or liability, or for any taxes and related penalties and/or interest, that may be asserted against the Company pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y(b)(8), as a result of the payment described in Paragraph 1 of this Agreement; and (ii) any claim or liability, or for any taxes and related penalties and/or interest, relating to the manner in which payments of the Settlement Amount are allocated and paid under this Agreement.

17. **Acknowledgment.** Plaintiffs further acknowledge and agree that, pursuant to Paragraph 3 above, by signing this Agreement, each Plaintiff waives and releases any and all claims he may have or have had against the Releasees. Plaintiffs further acknowledge and agree that they have been advised of the opportunity to consult with counsel of their choice, are in fact represented by counsel who has assisted in the drafting of this Agreement and that they have been given a reasonable and sufficient period of time in which to consider and return this Agreement. This Agreement will not be effective until executed by all Parties and approved by the United States District Court for the District of Maryland. If such Court does not approve this Agreement, then this Agreement shall be void *ab initio*.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed and delivered by their duly authorized officers or representatives.

_Humberto Estrada_ Date: 1/30/19
**HUMBERTO ESTRADA**

_____ Date: _____
**MICHAEL BOOKER**

_____ Date: _____
**KEVIN QUINN**

5

be resolved against a particular Party, or in favor of a particular Party, shall not be applicable in the construction of this Agreement.

16. **Indemnification Issues and Medicare Warranty.** Each of the Plaintiffs affirms and warrants that he is not a Medicare beneficiary and is not currently receiving, has not received in the past and has not applied for or sought benefits from Medicare. Each Plaintiff agrees to indemnify and hold Defendants, their insurers and reinsurers, harmless from: (i) any claim or liability, or for any taxes and related penalties and/or interest, that may be asserted against the Company pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y(b)(8), as a result of the payment described in Paragraph 1 of this Agreement; and (ii) any claim or liability, or for any taxes and related penalties and/or interest, relating to the manner in which payments of the Settlement Amount are allocated and paid under this Agreement.

17. **Acknowledgment.** Plaintiffs further acknowledge and agree that, pursuant to Paragraph 3 above, by signing this Agreement, each Plaintiff waives and releases any and all claims he may have or have had against the Releasees. Plaintiffs further acknowledge and agree that they have been advised of the opportunity to consult with counsel of their choice, are in fact represented by counsel who has assisted in the drafting of this Agreement and that they have been given a reasonable and sufficient period of time in which to consider and return this Agreement. This Agreement will not be effective until executed by all Parties and approved by the United States District Court for the District of Maryland. If such Court does not approve this Agreement, then this Agreement shall be void *ab initio*.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed and delivered by their duly authorized officers or representatives.

_____   Date: _____
**HUMBERTO ESTRADA**

*/s/ Michael Booker*   Date: 1-26-19
_____
**MICHAEL BOOKER**


_____   Date: _____
**KEVIN QUINN**

be resolved against a particular Party, or in favor of a particular Party, shall not be applicable in the construction of this Agreement.

16. **Indemnification Issues and Medicare Warranty**. Each of the Plaintiffs affirms and warrants that he is not a Medicare beneficiary and is not currently receiving, has not received in the past and has not applied for or sought benefits from Medicare. Each Plaintiff agrees to indemnify and hold Defendants, their insurers and reinsurers, harmless from: (i) any claim or liability, or for any taxes and related penalties and/or interest, that may be asserted against the Company pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y(b)(8), as a result of the payment described in Paragraph 1 of this Agreement; and (ii) any claim or liability, or for any taxes and related penalties and/or interest, relating to the manner in which payments of the Settlement Amount are allocated and paid under this Agreement.

17. **Acknowledgment**. Plaintiffs further acknowledge and agree that, pursuant to Paragraph 3 above, by signing this Agreement, each Plaintiff waives and releases any and all claims he may have or have had against the Releasees. Plaintiffs further acknowledge and agree that they have been advised of the opportunity to consult with counsel of their choice, are in fact represented by counsel who has assisted in the drafting of this Agreement and that they have been given a reasonable and sufficient period of time in which to consider and return this Agreement. This Agreement will not be effective until executed by all Parties and approved by the United States District Court for the District of Maryland. If such Court does not approve this Agreement, then this Agreement shall be void *ab initio*.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed and delivered by their duly authorized officers or representatives.

_____ Date: _____
**HUMBERTO ESTRADA**


_____ Date: _____
**MICHAEL BOOKER**

*/s/ Kevin Quinn* Date: 1/28/19
**KEVIN QUINN**

5

**ECOLOGY SERVICES REFUSE AND RECYCLING, LLC**

_____   Date: 1/25/2019

By: Peter F. Osborne   Title: Managing Member

**CORDOBA ENTERPRISES, LLC**

_____   Date: 1/25/2019

By: Peter F. Osborne   Title: Managing Member

_____   Date: 1/25/2019

**PETER OSBORNE**

_____   Date: 1/25/2019

**TIMOTHY OSBORNE**

4840-1379-5174, v. 1